IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL R. ROMERO,

        Petitioner,

vs.                                       No. CV 19-00081 WJ/KRS

STATE OF NEW MEXICO,

        Respondent.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Michael R. Romero. (Doc. 1). It clearly appears from the face of the Petition and the attachments submitted by Petitioner Romero that Petitioner's § 2254 claims are barred by the 1-year statute of limitations of 28 U.S.C. § 2244(d)(1). The Court will dismiss the Petition with prejudice as time-barred.

Petitioner Michael R. Romero is proceeding pro se and *in forma pauperis* under 28 U.S.C. § 2254 and 28 U.S.C. § 1915. Petitioner Romero has a lengthy New Mexico criminal history, including a 1985 conviction for Armed Robbery, a 1986 conviction for Escape From Penitentiary, and a 1990 conviction for Escape from Penitentiary, Aggravated Burglary, Robbery, False Imprisonment (2 counts), and Possession of a Firearm by a Felon. *See Romero v. Tansey*, 46 F.3d 1024 (10th Cir. 1995); *Romero v. State of New Mexico*, 100 F.3d 967 (10th Cir. 1996). Petitioner Romero has filed seven habeas corpus petitions under 28 U.S.C. § 2254 attacking those prior convictions. (See CV 88-00311 JAP/LFG, CV 90-00601 JAP/JHG, CV 90-00649 JEC/LFG, CV 90-00650 JEC/LFG, CV 90-00651 JAP/LFG, CV 90-00994 HB/SB, and CV 94-00275 JAP/WD).

In 2001, Petitioner was serving a lengthy sentence in the Penitentiary of New Mexico for the 1990 conviction. Romero was again indicted for Escape or Attempted Escape from Penitentiary in State of New Mexico, First Judicial District Court, Cause No. D-101-CR-2001-00345. The Court has reviewed the official record in Romero's state court proceedings through the New Mexico Supreme Court's Secured Online Public Access (SOPA) and takes judicial notice of the records in D-101-CR-2001-00345. *United States v. Ahidley,* 486 F.3d 1184, 1192 n. 5 (10th Cir.2007) (The Court may take judicial notice of publicly filed records in this court and other courts concerning matters that bear directly upon the disposition of the case at hand); *Shoulders v. Dinwiddie,* 2006 WL 2792671 (W.D.Okla.2006); *Stack v. McCotter,* 2003 WL 22422416 (10th Cir.2003).

On October 5, 2001, Petitioner pled guilty to a lesser count of Tampering With Evidence. (Doc. 1 at 6). Judgment was entered on Petitioner's conviction and sentence on October 25, 2001. (Doc. 1 at 1). The Judgment, Partially Suspended Sentence and Commitment stated:

> "IT IS THEREFORE ORDERED that the Defendant is sentenced to the Department of Corrections for eighteen (18) months for Tampering With Evidence; IT IS FURTHER ORDERED THAT the Defendant's sentence is enhanced by four (4) years as an Habitual Offender; therefore his total sentence is five (5) years and six (6) months; IT IS FURTHER ORDERED that one (1) year of the above sentence is suspended and that the Defendant shall be remanded to the custody of the Department of Corrections for a period of four (4) years and six (6) months. IT IS FURTHER ORDERED that Defendant shall be given zero days pre-sentence confinement credit, and that the sentence imposed in this case shall run consecutive to the time the Defendant is currently serving in the Department of Corrections in SF 87-655."

(Doc. 1 at 13; Judgment, Partially Suspended Sentence and Commitment, No. D-101-CR-2001-00345, pp. 2-3).

Consistent with his Repeat Offender Plea and Disposition Agreement, Petitioner did not file a direct appeal. (Doc. 1 at 12; Repeat Offender Plea and Disposition Agreement, No. D-101-

CR-2001-00345, ¶ 5). Approximately seventeen years later, on August 17, 2018, Petitioner filed a Petition for Writ of Habeas Corpus in the First Judicial District Court. (Doc. 1 at 3). The First Judicial District Court denied the Petition for Writ of Habeas Corpus on October 30. 2018. (Doc. 1 at 12-14). The New Mexico Supreme Court denied a writ of certiorari to review the District Court's ruling on December 3, 2018. (Doc. 1 at 11).

Romero filed his Petition in this Court on January 28, 2019. (Doc. 1). In his Petition, Romero challenges his sentence in First Judicial District Cause No. D-101-CR-2001-00345 under 28 U.S.C. § 2254. (Doc. 1 at 1). He claims that the Department of Corrections' 2001 finding that he was in possession of a key or key pattern was a finding of an institutional rule violation, not a criminal violation, and the violation should not have been referred for criminal prosecution. (Doc. 1 at 6). He further contends that his defense attorney, the District Attorney and the District Judge conspired to trick him into a guilty plea on the tampering with evidence charge. Although he was sentenced and judgment was entered in the record on October 25, 2001, he contends "said case was never filed by the New Mexico Department of Corrections until the day of Petitioner's parole release date: August 3, 2018" and his incarceration on the sentence constitutes false imprisonment. (Doc. 1 at 6). Petitioner Romero asks the Court to "[d]eclare him 100% innocent, dismiss/expunge the conviction-sentence-plea and order Petitioner's immediate release from illegal/unconstitutional confinement." (Doc. 1 at 22).

Petitions for a writ of habeas corpus by a person in state custody under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") are governed by a one-year statute of limitations. 28 U.S.C. § 2244(d). Section 2244(d)(1) states:

> "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of

direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

28 U.S.C. § 2244(d)(1).

Section 2244(d) further provides:
"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

28 U.S.C. § 2244(d)(2). The 1-year AEDPA statute of limitations for filing a § 2254 petition begins to run from the time the judgment on the petitioner's conviction and sentence becomes final. *See* 28 U.S.C. § 2244(d). The judgment becomes final by conclusion of direct appellate review or expiration of the time for seeking direct appellate review. 28 U.S.C. § 2254(d)(1)(A).

This one-year statute of limitations is tolled when a state habeas corpus petition is filed. However, tolling occurs only when "a properly filed application for [s]tate post-conviction" relief is "pending." *See id.* § 2244(d)(2). A state habeas petition is "pending" and tolls the running of the statute of limitations from the date it is filed until it has achieved final resolution through the state's post-conviction procedures. *Carey v. Saffold*, 536 U.S. 214, 219–20 (2002); *see also Holland v. Florida*, 560 U.S. 631, 635, 638, (2010). To determine the point at which a petitioner's state habeas proceedings become complete, the Court looks to the state's procedural rules. *See Wade v. Battle*, 379 F.3d 1254, 1260–62 (11th Cir. 2004). The 1-year statute of limitations clock begins to run again when the proceedings on the state habeas corpus petition are finally concluded. *Holland v. Florida*, 560 U.S. at 638 (state habeas corpus proceedings were concluded and statute of

4

limitations clock began to tick when the State Supreme Court issued its mandate). A § 2254 petition filed after the 1-year period has expired is time-barred. 28 U.S.C. § 2244(d).

The 1-year statute of limitations may be subject to equitable tolling. Equitable tolling is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control. *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000); *Burger v. Scott,* 317 F.3d 1133, 1141 (10th Cir. 2003). Ignorance of the law, ignorance of the limitation period, and inability to obtain legal assistance do not excuse the failure to file within the statutory time period. *See Miller v. Marr,* 141 F.3d 976, 977-78 (10th Cir. 1998); *Sanders v. Mahaffey,* No. 00-6101, 2000 WL 1730893, at *2 (10th Cir. Nov. 22, 2000); *Washington v. United States,* No. 99-3383, 2000 WL 985885, at *2 (10th Cir. July 18, 2000).

The limitation period of § 2244(d)(1)(A) is the applicable period in this case. All of the claims asserted by Petitioner Romero appear to have been available to him from the time the Judgment was entered on October 25, 2001. (Doc. 1 at 5-7, 9-10, 12-14). Applying § 2244(d)(1)(A), the statute of limitations on Petitioner's federal habeas corpus claims began running on October 25, 2001 and expired one year later on October 25, 2002. 28 U.S.C. § 2244(d)(1)(A). Although Romero filed a state post-conviction habeas corpus petition, he waited seventeen years after the Judgment on his conviction and sentence became final. The state habeas proceedings did not toll the running of the statute of limitations. *Carey v. Saffold*, 536 U.S. at 219–20; *Holland v. Florida*, 560 U.S. at 635, 638.

Petitioner Romero argues that his § 2254 Petition is timely because he did not receive notice of the consecutive nature of the sentence from the New Mexico Corrections Department until he had completed his prior sentence in August, 2018. (Doc. 1 at 20). Because he claims he knew he was innocent and did not receive notice, he assumed the case had been dismissed and did

not challenge the conviction prior to 2018. (Doc. 1 at 19-21). However, the Judgment entered in the Court record on October 25, 2001, which was approved by Petitioner's attorney, gives express notice that the sentence would be served consecutive to his sentence in case No. SF 87-655. The fact that Romero either forgot or did not understand the consecutive nature of the sentence until 2018 does not constitute the type of extraordinary circumstances that would support equitable tolling of the statute of limitations in this case. *See Marsh v. Soares,* 223 F.3d at 1220; *Burger v. Scott,* 317 F.3d at 1141; *Miller v. Marr,* 141 F.3d at 977-78. The one-year statute of limitations of § 2244(d) expired long before Romero filed his Petition in this Court, his claims under § 2254 are clearly time-barred, and the Petition will be dismissed. *Jones v. Bock*, 549 U.S. 199, 214-15 (2007) (A pleading is subject to dismissal when an affirmative defense, such as statute of limitations, appears on the face of the complaint or petition); *Vasquez Arroyo v. Starks,* 589 F.3d 1091, 1096 (10th Cir. 2009) (if the allegations show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal).

Under Rule 11 of the Rules Governing Section 2254 Cases, the Court also determines that Petitioner has failed to make a substantial showing of denial of a constitutional right. The Court will deny a certificate of appealability. 28 U.S.C. § 2253(c).

**IT IS ORDERED** that Petitioner Michael R. Romero's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1) is **DISMISSED** with prejudice as barred by the one-year statute of limitations of 28 U.S.C. § 2244(d) and a Certificate of Appealability is **DENIED**.

_____
CHIEF UNITED STATES DISTRICT JUDGE